# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JANET R. RUFTY, | ) |
| | ) |
| Plaintiff, | ) **MEMORANDUM OPINION,** |
| | ) **RECOMMENDATION,** |
| v. | ) **AND ORDER** |
| | ) |
| WALLACE AND GRAHAM, P.A., | ) 1:11CV12 |
| | ) |
| Defendant. | ) |

This matter is before the court on Defendant's motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) (docket no. 3) and on Defendant's motion to stay discovery (docket no. 7).[1] Plaintiff has responded in opposition to the motion to dismiss, and the matter is ripe for disposition. The parties have not consented to the jurisdiction of the magistrate judge; therefore, the motion to dismiss must be addressed by way of recommendation. For the following reasons, it will be recommended that the court deny Defendant's motion to dismiss. Furthermore, the motion to stay discovery will be denied.

**I. BACKGROUND**

On January 11, 2011, Plaintiff, a former Settlements Coordinator for the law firm of Defendant Wallace and Graham, P.A., filed a complaint against Defendant,

---

[1] The motion to dismiss states that it is also brought as a motion for judgment on the pleadings pursuant to Rule 12(c). Since the standard is the same for Rule 12(b)(6) and Rule 12(c), the motion will simply be treated as one brought under Rule 12(b)(6).

alleging retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3, and retaliation in violation of North Carolina public policy under the North Carolina Equal Employment Practices Act, N.C. GEN. STAT. § 143-422.1 et seq.  On March, 14, 2011, Defendant filed an answer and a motion to dismiss.  In addition, on March 22, 2011, Defendant filed a motion to stay discovery.  On April 27, 2011, Plaintiff filed a response in opposition to Defendant's motion to dismiss, in which Plaintiff consented to dismissal of the state law retaliation claim.

## II.  FACTS

The following factual allegations are taken as true for purposes of the motion to dismiss.  Plaintiff worked for Defendant in July 2001 until the time of her termination. (*See* Compl. ¶ 6.)  Plaintiff was employed as a Settlements Coordinator for Defendant, with the primary duty of processing asbestos claims involving defendants who had previously manufactured asbestos products.  (*Id.* ¶¶ 7-8.)  In addition to Plaintiff's primary work, Plaintiff was assigned to work on "Beaty Documents" and Product Identification research (hereinafter "PID").  (*Id.* ¶ 8.)  Plaintiff alleges that at least one year before her termination she was the sole employee working on the PID research.

In the year before her termination, Plaintiff's immediate supervisor Mark Jennings informed Plaintiff that her position was to be broken into two separate positions, with one position focusing primarily on PID research.  (*Id.* ¶¶ 9-10.)  Plaintiff told Mr. Jennings she would be interested in the PID position.  (*Id.* ¶ 10.)

On or about November 24, 2009, Plaintiff met with a firm partner, Mona Lisa Wallace, in which Ms. Wallace advised Plaintiff that the firm was planning on hiring a person to perform PID research work. (*Id.* ¶ 11.) Plaintiff informed Ms. Wallace of her interest in the position, at which point Ms. Wallace stated, "No offense, it needs to be a guy . . . they can travel and go to interview clients . . . go to power plants." (*Id.*)

In response to Ms. Wallace's remark, and after hearing a rumor that the PID position had been filled by a man, Plaintiff sent an email to Bill Graham, a firm partner and her second supervisor, asking if she could have a meeting with him and Ms. Wallace to discuss Ms. Wallace's statement. (*See id.* ¶ 13.) Mr. Graham refused to meet with Plaintiff.

Three days after Plaintiff sent the email to Mr. Graham, the Office Manager Yvette Toledo gave Plaintiff a Performance Correction Notice written by Ms. Wallace and threatening Plaintiff with termination. (*Id.* ¶¶ 15-16.) Plaintiff returned the Performance Correction Notice with a note at the bottom, stating that Plaintiff "would be contacting the EEOC about comments made directly to me that PID needs to be done 'by a guy.'" (*Id.* ¶ 17.)

After receiving the Performance Correction Notice, Plaintiff attempted to meet with Mr. Graham to discuss the Notice, her intent to report it to the EEOC, and also to discuss the sex bias comment by Ms. Wallace and the discriminatory hiring process of the firm. (*Id.* ¶ 19.) Plaintiff asserts that later that day she was called into

3

a meeting with Mr. Jennings and Ms. Toledo and was informed that she was being terminated for a rude email sent to Mr. Graham.  (*Id.* ¶ 20.)  Plaintiff alleges that she was not rude in her e-mail to Mr. Graham and that she did not violate any of Defendant's policies.

On or about December 29, 2009, Plaintiff filed a gender discrimination and retaliation charge against Defendant with the United States Equal Employment Opportunity Commission ("EEOC").  (*Id.* ¶ 22.)  On October 14, 2010, the EEOC issued Plaintiff a Notice of Right to Sue, and Plaintiff filed this action within ninety days.  (*Id.* ¶ 23.)

### III.  DISCUSSION

Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure

In ruling on a motion to dismiss for failure to state a claim, it must be recalled that the purpose of a 12(b)(6) motion is to test the sufficiency of the complaint, not to decide the merits of the action.  *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991); *Food Lion, Inc. v. Capital Cities/ABC, Inc.*, 887 F. Supp. 811, 813 (M.D.N.C. 1995).  At this stage of the litigation, a plaintiff's well-pleaded allegations are taken as true; and the complaint, including all reasonable inferences therefrom, are liberally construed in the plaintiff's favor.  *McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir. 1996).

The duty of fair notice under Rule 8(a), however, requires the plaintiff to allege, at a minimum, the necessary facts and grounds that will support his right to

4

relief.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  As the Supreme Court has instructed, although detailed facts are not required, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* (internal citation omitted).  *See also Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) (clarifying *Twombly*).  With these principles in mind, the court now turns to the motion to dismiss.

**IV.  ANALYSIS**

To state a claim for retaliation under Title VII, a Title VII plaintiff must allege that (1) he engaged in protected activity under Title VII; (2) that his employer took materially adverse action against him such that it could dissuade a reasonable worker from making or supporting a charge of discrimination or from otherwise engaging in another form of protected activity; and (3) a causal relationship existed between the protected activity and the materially adverse activity.  *See Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 68 (2006); *Price v. Thompson*, 380 F.3d 209, 212 (4th Cir. 2004).

Taking the allegations as true, and drawing all inferences in favor of Plaintiff, I find that Plaintiff has stated a claim for Title VII retaliation.  Plaintiff alleges that she complained to Mr. Graham that Ms. Wallace specifically told Plaintiff that Defendant was going to hire a man to fill the PID position.  Plaintiff alleges that she was fired

5

in retaliation for her complaint about gender discrimination. These allegations are enough to state a claim for Title VII retaliation.

## IV. CONCLUSION

For the reasons stated herein, **IT IS RECOMMENDED** that the court dismiss Plaintiff's state law retaliation claim, as the motion is unopposed as to that claim. Furthermore, **IT IS RECOMMENDED** that the court **DENY** Defendant's motion to dismiss Plaintiff's Title VII retaliation claim. Therefore, the motion to dismiss (docket no. 3) should be **DENIED** in part and **GRANTED** in part. Finally, the motion to stay discovery (docket no. 7) is **DENIED**.

_____
WALLACE W. DIXON
United States Magistrate Judge

June 7, 2011